**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| MIGUEL LUCAS TADEO,<br><br>　　　Petitioner,<br><br>v.<br><br>CHRISTOPHER BULLOCK, New Orleans Field Office Director of Immigration and Customs Enforcement, Enforcement and Removal Operations,[1]<br><br>　　　Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 2:26-cv-02652-SHL-tmp |

**ORDER STAYING TRANSFER AND REQUIRING RESPONSE**

On June 8, 2026, pro se Petitioner Miguel Lucas Tadeo filed the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (ECF No. 2.) Lucas Tadeo challenges his "continued detention without an individualized bond hearing" in the West Tennessee Detention Facility. (Id. at PageID 5.) He is a citizen of Guatemala who has resided in the United States continuously since 2012. (Id. at PageID 3.) He was taken into ICE custody on May 28. (Id. at PageID 4.) He seeks release from Respondent's custody or, in the alternative, a bond hearing. (Id. at PageID 6.) He mailed a copy of the Petition to Respondent's counsel at the U.S. Attorney's Office for the Western District of Tennessee on June 4. (Id. at PageID 7.)

On May 11, the Sixth Circuit issued the opinion in Lopez-Campos v. Raycraft, 175 F.4th

---

[1] The only proper Respondent in this action is Christopher Bullock, Field Office Director of Enforcement and Removal Operations, New Orleans Field Office, Immigration and Customs Enforcement. See Rosciszewski v. Adducci, 983 F. Supp. 2d 910, 913–14 (E.D. Mich. 2013) ("[T]he ICE District Director is the proper respondent in a habeas petition brought by an alien, since the District Director has power over such aliens."). Accordingly, the Warden of the West Tennessee Detention Facility, Brian Acuna, David Venturella, Markwayne Mullin, and Todd Blanche are dismissed from the case.

713 (6th Cir. 2026), affirming that a noncitizen who has spent "significant time . . . within the interior of the United States," and who has not committed an offense rendering them ineligible under § 1226(c), may not be detained without an individualized bond hearing.  175 F.4th at 734.

Upon review of the Petition, it is **ORDERED** as follows:

(1)    The Clerk is directed to email a copy of this Order to the United States Attorney for the Western District of Tennessee at the following email address: **stuart.canale@usdoj.gov**.

(2)    Within **two business days** of this Order, Respondent shall respond to the Petition in writing.  If the basis of Lucas Tadeo's detention is 8 U.S.C. § 1225(b)(2)(A) and Respondent continues to oppose release, Respondent shall either distinguish this case from Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026), or state why Lopez-Campos otherwise does not apply. If no such showing is made, Respondent shall state whether he consents to the issuance of the writ.

(3)    Lucas Tadeo may file a reply after Respondent's responsive filing.

(4)    Respondent shall not transfer Lucas Tadeo out of the West Tennessee Detention Facility during the pendency of the Petition.

**IT IS SO ORDERED,** this 9th day of June, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE

2