**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| MIGUEL LUCAS TADEO, | ) | |
| Petitioner, | ) ) | |
| v. | ) ) ) | |
| CHRISTOPHER BULLOCK, New Orleans Field Office Director of Immigration and Customs Enforcement, Enforcement and Removal Operations, | ) ) ) ) ) | No. 2:26-cv-02652-SHL-tmp |
| Respondent. | ) ) | |

**ORDER GRANTING PETITION**

On June 8, 2026, the Court received pro se Petitioner Miguel Lucas Tadeo's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (ECF No. 2.) Lucas Tadeo challenges his "continued detention without an individualized bond hearing" in the West Tennessee Detention Facility. (Id. at PageID 5.) He seeks release from Respondent's custody or, in the alternative, a bond hearing. (Id. at PageID 6.) According to the envelope received in the Clerk's Office, Lucas Tadeo mailed the Petition on June 4. (ECF No. 2-4 at PageID 18.)

However, on June 6, he was transferred to a detention facility in Winnfield, Louisiana. (ECF No. 8 at PageID 28 n.1.) Unaware of the transfer, the Court issued its Order Staying Transfer and Requiring Response on June 9. (ECF No. 6.) On June 12, Respondent Christopher Bullock filed his response, in which he informed the Court of the transfer and stated that he "will await further instruction from the Court regarding whether under these circumstances Petitioner should be immediately returned to the Court's jurisdiction during the pendency of his habeas proceedings." (ECF No. 8 at PageID 28 n.1.) Respondent further concedes that the Sixth Circuit's holding in Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026), "controls the

outcome of this matter." (Id. at PageID 29.)

For the reasons stated below, the Petition is **GRANTED**. Respondent is **ORDERED** to immediately transport Lucas Tadeo back to the Western District of Tennessee at the Government's expense and to release him immediately.

## BACKGROUND

Lucas Tadeo is a citizen of Guatemala who entered the United States in 2012. (ECF No. 2 at PageID 3.) He "has a United States citizen daughter, a spouse residing in Tennessee who is expecting a child, a stable work history, and a record of filing United States income taxes." (Id. at PageID 4.) He has no criminal history. (Id.) On May 28, 2026, he was taken into ICE custody. (Id.) He mailed the Petition on June 4. (ECF No. 2-4 at PageID 18.) Two days later, Respondent transferred Lucas Tadeo out of the Western District of Tennessee to a detention facility in Louisiana. (ECF No. 8 at PageID 28.)

## ANALYSIS

Lucas Tadeo challenges his "continued detention without an individualized bond hearing" in the West Tennessee Detention Facility. (ECF No. 2 at PageID 5.) He seeks release from Respondent's custody or, in the alternative, a bond hearing. (Id. at PageID 6.)

Respondent concedes that the Sixth Circuit's holding in Lopez-Campos, 175 F.4th 713, "controls the outcome of this matter." (ECF No. 8 at PageID 29.) That decision held "that 8 U.S.C. § 1225(b)(2)(A)'s mandatory detention scheme does not apply to 'applicants for admission' who are not actively 'seeking admission.'" (Id. (citing Lopez-Campos, 175 F.4th at 732).)

Nevertheless, Respondent maintains that "the Court should require Petitioner to exhaust administrative remedies" before granting relief. (Id.) However, as the Court has ruled in recent

immigration habeas petitions, e.g., Lopez Soza v. U.S. Dep't of Homeland Sec., No. 26-cv-02224, 2026 WL 1104329, at *3 (W.D. Tenn. Apr. 23, 2026), Petitioner's failure to exhaust administrative remedies is **EXCUSED**. The legal questions presented by the Petition are fit for prompt resolution, and exhaustion would be futile because Petitioner cannot seek meaningful and timely administrative relief. McCarthy v. Madigan, 503 U.S. 140, 144 (1992) (explaining that where a statute is silent as to exhaustion, requiring exhaustion is within a court's discretion); Contreras-Lomeli v. Raycraft, No. 25-cv-12826, 2025 WL 2976739, at *3 (E.D. Mich. Oct. 21, 2025) ("Bond denial appeals 'typically take six months or more to be resolved at the BIA.'" (citation omitted)).

Respondent further contends that, "[i]n accordance with the remedy affirmed in Lopez-Campos, the Court should order that Petitioner be provided a custody redetermination hearing within 10 days at the immigration court in or nearest to Winnfield, Louisiana, and if that does not occur, Petitioner should be released from custody." (ECF No. 8 at PageID 30.) However, Petitioner "rightfully state[s] that [he has] a liberty interest to be free from detention." Lopez-Campos, 175 F.4th at 734. ICE's decision to detain him without a bond hearing violated that liberty interest, which cannot be casually tossed aside. Thus, he is entitled to immediate release. See Villafranca Lara v. Ladwig, No. 26-cv-02079, 2026 WL 401204, at *10 (W.D. Tenn. Feb. 12, 2026) ("Because ICE purported to detain [Petitioner] under § 1225(b)(2)(A), which includes no provision for a bond hearing, the Court will not now order a bond hearing under § 1226(a).").

Finally, the Court retains jurisdiction over the Petition, despite Petitioner's transfer out of the Western District of Tennessee. "Generally, if a district court has proper jurisdiction when a habeas petition is filed, a subsequent transfer of the prisoner will not defeat habeas jurisdiction." Weiss v. Healy, No. 23-CV-2074, 2024 WL 1858529, at *4 (N.D. Ohio Mar. 15, 2024), report

3

and recommendation adopted, No. 23-CV-2074, 2024 WL 1856545 (N.D. Ohio Apr. 29, 2024) (citing White v. Lamanna, 42 F. App'x 670, 671 (6th Cir. 2002)).  And, "[u]nder the 'prison mailbox rule,' a federal habeas petition is filed when the prisoner gives his petition to prison officials for mailing to the federal courts."  Neal v. Bock, 137 F. Supp. 2d 879, 882 n.1 (E.D. Mich. 2001).

Further, federal Respondents have previously returned habeas petitioners to this District after transferring them away during the pendency of a petition.  See, e.g. C.F.M.E. v. Minter, No. 26-cv-2269, ECF No. 17 at PageID 159 (W.D. Tenn. Mar. 25, 2026) ("Three days prior to the entry of this Order, . . . Petitioner was transferred to a detention facility in Louisiana.  However, pursuant to the Court's Order, Respondents have confirmed that Petitioner is scheduled to be transferred back to the West Tennessee Detention Facility . . . .").

Therefore, consistent with Lopez-Campos and this Court's decision in Villafranca Lara, 2026 WL 401204, and after consideration of the record, the Petition is **GRANTED**.

## **CONCLUSION**

For the reasons stated above, the Petition is **GRANTED**.  Respondent is **ORDERED**, at the Government's expense, to immediately transfer Petitioner back to the Western District of Tennessee.  Immediately following Petitioner's return to this District, Respondent is **ORDERED** to release Petitioner.  Respondent is **ENJOINED** from pursuing Petitioner's detention under 8 U.S.C. § 1225(b)(2)(A).  Respondent is further **ORDERED** to file a Status Report with this Court within **two business days**, to certify compliance with this Order.

**IT IS SO ORDERED,** this 18th day of June, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE

4